UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CASSANDRA BRANDON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 2:16-cv-13747 |
| ) | |
| v. ) | Judge: |
| ) | |
| EATON GROUP ATTORNEYS, LLC, ) | Magistrate Judge: |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, CASSANDRA BRANDON f/k/a CASSANDRA PLUMMER ("Plaintiff"), through Plaintiff's attorney, VARADI, HAIR & CHECKI, LLC, alleges the following against Defendant, EATON GROUP ATTORNEYS, LLC ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA"), La. R.S. § 51:1401 *et seq.*

2. The purpose of these statutes is to protect unsophisticated consumers from acts or practices that are abusive, deceptive, and harassing.

3. The FDCPA specifically prohibits debt collection practices that are false, deceptive, or misleading to the unsophisticated consumer.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, 15 U.S.C. § 1692k, and 15 U.S.C. § 1693(m).

5. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Gretna, Louisiana.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

11. Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a debt collector domiciled in Baton Rouge, Louisiana.

13. Defendant is a business entity engaged in the collection of debt within the State of Louisiana.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. A principal purpose of Defendant's business is the collection of debts, allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third

parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

20. The alleged debt at issue arose from transactions for personal, family, or household purposes.

21. On or around May 27, 2016, Defendant mailed a collection letter (the "Letter") to Plaintiff.

22. Defendant attached to the Letter a drafted consent judgment for a lawsuit captioned National Collegiate Student Loan Trust 2007-1 v. Cassandra Plummer, No. 761047, 24th Judicial District Court, Jefferson Parish, Louisiana (the "Suit").

23. Defendant had not yet served Plaintiff with the Suit when it sent her the Letter.

24. The consent judgment attached to the Letter was signed by Defendant and only needed Plaintiff's signature to be filed as a judgment against Plaintiff for the principal amount of the alleged debt, pre-judgment and post-judgment interest, and all costs of the

3

Suit.

25. The Letter also contained a requested information section entitled "PLEASE COMPLETE & RETURN" asking for the following information from Plaintiff:

   a. Name;
   b. Social security number;
   c. Address;
   d. Phone number;
   e. Employer;
   f. Employer phone number;
   g. Employer address;
   h. Date of hire;
   i. Gross weekly wage;
   j. Spouse name;
   k. Spouse social security number;
   l. Spouse employer;
   m. Spouse employer phone number;
   n. Spouse employer address;
   o. Spouse date of hire;
   p. Spouse gross weekly wage.

26. After the requested information, the Letter contained signature lines for Plaintiff and spouse under the statement "AUTHORITY GRANTED THIRD PARTIES TO

VERIFY/CORRECT."

27. The only portion of the Letter actually addressing Plaintiff was an introductory paragraph at the top of the Letter, stating "[i]f you would like to explore a voluntary repayment plan then please provide the requested information. The debt will need to be acknowledged through the attached consent judgment. Please return these forms as soon as possible. This is a communication form a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose."

28. Upon information and belief, Defendant did not intend to use the consent judgment for a voluntary repayment plan.

29. Upon information and belief, Defendant intended to use the consent judgment to obtain repayment of the alleged debt though involuntary methods such as wage garnishment and seizure of funds and property.

30. Upon information and belief, Defendant did not intend to use the requested information for a voluntary repayment plan.

31. Upon information and belief, Defendant intended to use the requested information to obtain repayment of the alleged debt though involuntary methods such as wage garnishment and seizure of funds and property.

32. Defendant's Letter was deceptive and misleading as it attempted to trick Plaintiff into signing a consent judgment by promising a voluntary repayment plan.

33. Defendant's Letter was deceptive and misleading as it attempted to trick Plaintiff into provided information that could be used for involuntary collection by promising a

voluntary repayment plan.

34. Defendant's Letter contained false, deceptive, and misleading statements.

35. Defendant's Letter was itself deceptive and misleading as a reasonable consumer could interpret the Letter in many different ways.

36. Defendant's Letter evidences collection tactics that are unfair and unconscionable.

37. When Plaintiff received the Letter, she was not aware of the legal effect of signing the consent judgment or providing the requested information.

38. Defendant's collectors were working within the scope of their employment when they communicated with Plaintiff.

39. Defendant's collectors are familiar with the FDCPA.

40. Defendant has been forced to incur financial costs and obligations due to the unfair, deceptive, false, and misleading actions of defendant.

41. Defendant has suffered financial and economic damages due to the unfair, deceptive, false, and misleading actions of defendant.

42. The natural consequence of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

43. The natural consequence of Defendant's statements and actions was to cause Plaintiff mental and emotional distress.

## VIOLATIONS OF THE FDCPA

44. The preceding paragraphs are incorporated as if fully stated herein.

45. Defendant is liable under 15 U.S.C. § 1692e for making false, deceptive, and misleading representations regarding the alleged debt.

46. Defendant is liable under 15 U.S.C. § 1692f for using unfair and unconscionable debt collection methods.

## VIOLATIONS OF THE LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT

47. The preceding paragraphs are incorporated as if fully stated herein.

48. The Defendants' actions stated herein were unfair and deceptive as defined by La. R.S. § 51:1405.

## JURY DEMAND

49. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in her favor and against Defendant, including the following relief:

1. An injunction requiring Defendant to cease all collection efforts against Plaintiff for the alleged debt.

2. Statutory damages under the FDCPA of $1,000.

3. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. § 1692k and La. R.S. § 51:1409.

4. Trebled damages suffered by Plaintiff for Defendants' knowing use of deceptive acts or practices pursuant to La. R.S. § 51:1409.

5. All costs and attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1692k and La. R.S. § 51:1409.

6. Any other relief that this Court deems appropriate.

DATED: August 10, 2016                    RESPECTFULLY SUBMITTED,

*/s/ Samuel J. Ford*
Samuel J. Ford, Esq. #36081
Varadi, Hair & Checki, LLC
909 Poydras St., Ste. 1100
New Orleans, LA 70112
ford@vhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
Attorney for Plaintiff